```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```

|                          |   |                   |
|--------------------------|---|-------------------|
| **REGINALD MALONE,**     | ) |                   |
|                          | ) |                   |
|    Movant,| ) |                   |
|                          | ) | No. 2:16-cv-2476  |
| v.                       | ) | No. 2:08-cr-20146 |
|                          | ) | No. 2:09-cr-20530 |
|                          | ) |                   |
| **UNITED STATES OF AMERICA,** | ) |              |
|                          | ) |                   |
|    Respondent. | ) |              |
|                          | ) |                   |
|                          | ) |                   |

**ORDER**

Before the Court is Movant Reginald Malone's June 20, 2016 Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1.)

For the following reasons, Malone's motion is DENIED AS MOOT.

**I.  Background**

In March 2009, in Case No. 2:08-cr-20146, Malone pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). (Case No. 2:08-cr-20146, ECF No. 45.)  In January 2010, in Case No. 2:09-cr-20530, Malone pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a).  (Case No. 2:09-cr-20530, ECF No. 5.)  The Court sentenced Malone to 140 months' imprisonment in

each case, with the sentences to run concurrently, and to 60 months of supervised release. (Case No. 2:08-cr-20146, ECF No. 75.)

Malone, proceeding pro se, filed the instant motion on June 20, 2016. (ECF No. 1.) Malone seeks relief pursuant to the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). Malone contends that his career offender sentence enhancement pursuant to U.S.S.G. §§ 4B1.1, 4B1.2, was invalid. Malone was released from custody on June 25, 2018.[1]

**II. Analysis**

Malone has been released from the physical custody of the BOP. His § 2255 motion "regarding lowering his term of imprisonment [in light of Johnson] has been rendered moot with his release from BOP custody." United States v. Hinson, No. 2:02-cr-22, 2015 WL 5712767, at *4 (E.D. Tenn. Sept. 29, 2015); see also Demis v. Sniezek, 558 F.3d 508, 513 (6th Cir. 2009) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."). Because Malone is not presently in custody, the Court cannot grant him relief from incarceration.

Malone is "still 'in custody' for purposes of § 2255 because he is serving a term of supervised release." Hinson, 2015 WL

---

[1] See Fed. Bureau of Prisons (BOP), Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed June 7, 2019).

2

5712767, at *4. Malone does not argue, however, that his 60-month term of supervised release was imposed in violation of the Constitution, that the Court was without jurisdiction to impose it, or that it was in excess of the maximum authorized by law. See 28 U.S.C. § 2255(a). Malone's only claim addresses his custodial sentence enhancement under U.S.S.G. §§ 4B1.1, 4B1.2. See Lukasik v. United States, No. CIV. 08-10960, 2011 WL 1296852, at *5 (E.D. Mich. Mar. 31, 2011) (holding that § 2255 petitioner's claims about the length of his sentence were moot because he was released from custody and because he did not "appear to quarrel with the amount of restitution or the term of supervised release").

The five-year term of supervised release does not exceed the maximum authorized by law. The crimes to which Malone pled guilty, 21 U.S.C. § 841(a), provide no maximum term of supervised release. United States v. Dominguez, 513 F. App'x 458, 461 n.1 (6th Cir. 2013).

### III. Conclusion

For the foregoing reasons, Malone's motion is DENIED AS MOOT.

So ordered this 7th day of June, 2019.

                                                          */s/ Samuel H. Mays, Jr.*
                                                          SAMUEL H. MAYS, JR.
                                                          UNITED STATES DISTRICT JUDGE